IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL BEARD,                    )
No. 11819-040,                   )
                                 )
                  Petitioner,    )
                                 )
vs.                              )          CIVIL NO. 14-CV-01143-DRH
                                 )
J.S.WALTON,                      )
                                 )
                  Respondent.    )

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

   Petitioner Lionel Beard is an inmate in the United States Penitentiary at Marion, Illinois. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the written recitation of his sentence. *See United States v. Beard*, Case No. 05-cr-20 (W.D. Mich. Oct. 20, 2006).

   More specifically, Beard contends that the oral pronouncement of sentence prescribed monthly payments of $50 per quarter under the Inmate Financial Responsibility Program ("IFRP"), and $50 per month from his UNICOR earnings, if he has any (*see* Doc. 1-1, p. 7 (transcript of sentencing hearing), but the judgment mistakenly states that he "shall pay minimum quarterly installments of $50.00, based on IFRP participation or minimum monthly installments of $50.00,based on UNICOR earnings, whichever is greater" (*see* Doc. 553, p. 7 in the criminal case). Beard relies upon the principle that an oral pronouncement

Page **1** of **4**

controls over an inconsistent written judgment. *See United States v. Burton,* 543 F.3d 950, 953 (7th Cir. 2008).

This Section 2241 petition is before the Court for preliminary review. Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

As a general matter, Section 2241 is the appropriate means by which to challenge the *execution* of a sentence, while Section 2255 is to be used to challenge the validity of conviction and sentence. *See Brown v. Rios,* 696 F.3d 638, 640 (7th Cir.2012); *Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003); *Walker v. O'Brien,* 216 F.3d 626, 629 (7th Cir. 2000). The IFRP is a means of executing an inmate's sentence; therefore Section 2241 is the proper avenue for relief. *See Matheny v. Morrison,* 307 F.3d 709, 711-12 (8th Cir. 2002) (stating that challenges to IFRP collection mechanisms concern execution of sentence and are therefore correctly framed as section 2241 claims); *McGhee v. Clark,* 166 F.3d 884, 885-87 (7th Cir.1999) (recognizing district-court jurisdiction over claims arising from implementation of IFRP); *Valona v. United States,* 138 F.3d 693, 694 (7th Cir.1998) (stating that motion seeking relief on grounds concerning execution of sentence but not validity of conviction falls under section 2241).

There is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate. Therefore, Respondent J. S. Walton will be required to respond or otherwise plead.

Finally, the Court notes, as should Petitioner and Respondent, that Petitioner, who has been denied pauper status, has yet to pay the required $5.00 filing fee.  The deadline for payment is December 24, 2014 (Doc. 5), and failure to pay will likely result in the dismissal of the petition,

**IT IS HEREBY ORDERED** that Respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion or timeliness it may wish to present.  Service upon the United States Attorney for the Southern District of Illinois, 9 Executive Drive, Fairview Heights, Illinois 62208, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Signed this 17th day of November, 2014.**

Digitally signed by
David R. Herndon
Date: 2014.11.17
13:51:13 -06'00'

**District Judge**
**United States District Court**