# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIONEL BEARD,**
    Petitioner,

v.                              No. 14-cv-01143-DRH-CJP

**WARDEN, B. TRUE**
    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Lionel Beard (Petitioner) filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his payment structure under the Inmate Financial Responsibility Program (IFRP). (Doc. 1). Based on the following, the § 2241 petition is **DENIED**.

## Relevant Facts and Procedural History

In 2006, a jury in the Western District of Michigan found Petitioner guilty of multiple counts related involvement in conspiracy to distribute controlled substances. *United States v. Beard*, No. 05-cr-20 (W.D. Mich.), Doc. 424. The District Court sentenced Petitioner to 120 months incarceration for being a felon in possession of a firearm; 420 months for engaging in a continuing criminal enterprise; and 240 months for tampering with a witness—all to be served concurrently followed by five years of supervised release; in addition to payment of $500 special assessment and fine of $25,000. (Doc. 553 of criminal case). The Court specified at the sentencing hearing that Petitioner "pay a fine in the amount

of $25,000, to be paid at the rate of $50 per quarter while he is on the Inmate Financial Responsibility Program participation, or $50 per month while he's on UNICOR earnings."[1] (Doc. 1-1, p. 7). The written judgment provides, "Defendant shall pay *minimum* quarterly installments of $50.00, based on IFRP participation or *minimum* monthly installments of $50.00, based on UNICOR earnings, whichever is greater. . ." (Doc. 553, p. 7 of criminal case) (emphasis added). Petitioner is currently incarcerated at USP Marion.

## **Grounds for Habeas Relief**

Petitioner voluntarily enrolled in the IFRP, a program where "staff members from the Bureau of Prisons assist inmates in developing plans to meet their financial obligations." *United States v. Boyd*, 608 F.3d 331, 333 (7th Cir. 2010). Participation is voluntary, but inmates who refuse to take part lose privileges identified in 28 C.F.R. § 545.11(d), including "participating in the UNICOR prison job training program, furloughs, and outside work details, and having higher commissary spending limits, access to higher-status housing, and access to community-based programs." *Id.*

Petitioner initially made payments of $50 per quarter under the program, (Doc. 11, Ex. C), but in August 2013, Petitioner's case manager determined he should pay $100 per month, (Doc. 1-1, p. 1). Petitioner refused to render the increased payments, (Doc. 1-1, p. 1), and the BOP's disciplinary committee found Petitioner in violation of Code 306 (Refusing a Program Assignment), (Doc. 18, p.

---

[1] "UNICOR is the trade name for Federal Prison Industries (FPI): a wholly owned, self-sustaining Government corporation that sells market-priced services and quality goods made by inmates." UNICOR, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmates/custody_and_care/unicor.jsp (last visited Nov. 27, 2017).

2). Consequentially, Petitioner's phone and commissary privileges were suspended for thirty days, and he was removed from privileged housing. (Doc. 22, pp. 1-2). The disciplinary committee subsequently expunged the incident from Petitioner's record and restored his privileges. (Doc. 22, pp. 1-2).

Petitioner now asserts his judgment and sentence prohibit the BOP from collecting payments in excess of $50 per month. He requests the Court limit his BOP payments to $50 per month and review all IFRP Code 306 violations at USP Marion. (Doc. 22, p. 3).

## Analysis

Petitioner's first argument is two-fold. He asserts the District Judge's oral pronouncement, ordering Petitioner to pay "$50 per quarter," trumps the written judgment, which provides Petitioner shall pay "*minimum* quarterly installments of $50." He then contends the pronouncement prohibits the BOP from demanding more than $50 from Petitioner per month through the IFRP.

It is unclear from the pleadings whether Petitioner is currently participating in the IFRP and therefore presents a live case or controversy for this Court to adjudicate. Respondent states in its last motion that Petitioner refused to remit $100 per month but continued to participate in the IFRP by paying smaller amounts. (Doc. 18, p. 3 n.1). The incident report and Petitioner's filings, however, indicate he was effectively unenrolled from the program after refusing to agree to the higher payments. Regardless of the circumstances, Petitioner's claim fails on the merits.

The District Judge who sentenced Petitioner structured Petitioner's

payment schedule under the IFRP: "[Petitioner] shall pay a fine in the amount of $25,000, to be paid at the rate of $50 per quarter while he is on the Inmate Financial Responsibility Program participation, or $50 per month while he's on UNICOR earnings." (Doc. 1-1, pp. 13-14). The judge's imposition into the BOP's administration of the IFRP is inconsistent with the Seventh Circuit's interpretation of the judiciary's role in the program.

The Seventh Circuit has confirmed that an inmate's participation in the IFRP is voluntary. *Boyd,* 608 F.3d at 334. While an inmate may lose certain privileges by not participating in the program, neither the BOP nor the District Court can compel participation. *Id.* at 335. The Seventh Circuit has further explained:

> Because a prisoner's earnings while in custody depend on the Bureau of Prisons, as well as the prisoner's co-operation with its programs, it is not clear what payment schedule a court could set if it wanted. . . Prison earnings and other transactions concerning prison trust accounts are so completely within the Bureau of Prisons' control that it would be pointless for a judge to tell the convict how much to pay a month.

*United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008). See also *In re Buddhi*, 658 F.3d 740, 741 (7th Cir. 2011):

> The Attorney General rather than the courts shall be responsible for collection of an unpaid fine or restitution imposed by a judgment, and he has delegated his authority to the Bureau of Prisons, which created the Inmate Financial Responsibility Program to facilitate collection. This delegation is proper, and the courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation (all constitutional problems to the side).

This Court has similarly held that "fine payment amounts are determined through

the IFRP [and] managed by the Bureau of Prisons personnel and not the Court . . . ." *United States v. Fuller*, 2010 WL 2757493, *1 (S.D. Ill. July 13, 2010); *see also Moore v. Hollingsworth*, 2011 WL 4374561, *3 (S.D. Ill. September 19, 2011) ("[T]his Court does not have authority to interfere with the BOP's discretion in its administration of the IFRP program."); *United States v. Bradford*, 2011 WL 971719, *2 (S.D. Ill. March 17, 2011) ("This Court has no jurisdiction to supervise the BOP's administration of that program or. . .direct the BOP to adhere to a different schedule of restitution payments.")

The BOP, *and the BOP alone*, has the authority to structure an inmate's payments under the IFRP. *The District Court does not have jurisdiction over the IFRP and cannot supervise the program by dictating or altering an inmate's required payments. The BOP is therefore not obligated to follow the District Judge's pronouncement that Petitioner was to pay $50 per month while enrolled in the program.* The Court reminds Petitioner that his participation in the IFRP is voluntary. He is free to withdraw from the payment program as he chooses and forfeit the privileges he enjoys from his cooperation.

Petitioner's remaining claim is equally fruitless. Petitioner asks the Court to review all of the Code 306 violations at USP Marion to determine whether the BOP is administering the IFRP as a voluntary program.

As set forth above, the District Court does not have jurisdiction to administer the IFRP. "Moreover, by denying privileges to inmates who opt out of the IFRP, the Bureau does not improperly compel them to participate."

*Tisthammer v. Walton*, 542 Fed. App'x 521, 522 (7th Cir. 2013). Even so, Petitioner's claim must be dismissed as moot. Article III, Section 2 of the Constitution limits federal court jurisdiction to "cases" and "controversies." A litigant does not present a case or controversy unless he suffers "an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). An actual controversy must exist at all stages of review. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997).

## Conclusion

Petitioner no longer presents a live controversy for this Court to entertain because the disciplinary committee expunged his Code 306 violation from his record and restored his privileges. This Court lacks jurisdiction to review an agency's conduct unless a litigant sets forth a concrete injury. Based on the foregoing, Petitioner's writ of habeas corpus under § 2241 (Doc. 1) is **DENIED** lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
Signed this 29th day of November, 2017.

Judge Herndon
2017.11.29
17:10:16 -06'00'

**UNITED STATES DISTRICT JUDGE**

## Notice

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).