IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIONEL BEARD,

    Petitioner,

v.                                                No. 14-cv-01143-DRH-CJP

WARDEN, B. TRUE,

    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Now before the Court is Beard's January 16, 2018 motion for reconsideration (doc. 40). Beard moves the Court to reconsider its Order (doc. 38) denying his habeas petition brought under 28 U.S.C. § 2241 challenging his payment structure under the Inmate Financial Responsibility Program ("IFRP"). Specifically, Beard seeks this Court to correct the judgment of his sentencing court so that he only pays $50 per month towards the fine stemming from his criminal convictions. Based on the following, the Court denies the motion.

There are two ways in which a Court may analyze a motion filed after judgment has been entered either under Rule 59(e) or under Rule 60(b) of the Federal Rules of Civil Procedure. Where a substantive motion is filed within twenty-eight days of entry of judgment or order, the Court will generally construe it as a motion pursuant to Rule 59(e); later motions will be construed as pursuant to Rule 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994); *United States*

v. Deutsch, 981 F.2d 299, 301 (7th Cir. 1992). Although both Rules 59(e) and 60(b) have similar goals of erasing the finality of a judgment and permitting further proceedings, Rule 59(e) generally requires a lower threshold of proof than does Rule 60(b). *See Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166 (7th Cir.1995); *see also Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir.1993) (distinguishing the "exacting standard" of Rule 60(b) from the "more liberal standard" of Rule 59(e)). Here, Beard has identified no basis for relief under either Rule 59(e) or Rule 60(b). However, since his motion was filed more than 28 days after entry of judgment on November 30, 2017, the Court analyzes the motion under Rule 60(b).[1]

Rule 60(b) permits a court to reconsider (and provide relief from) a prior order or judgment on certain enumerated grounds, such as mistake, newly discovered evidence, fraud, misrepresentation, or misconduct by an opposing party, or "any other reason that justifies relief." FED. R. CIV. P. 60(b). *See also Musch v. Domtar Industries, Inc.*, 587 F.3d 857, 861 (7th Cir. 2009). Motions to reconsider are not the appropriate vehicle to rehash previously rejected arguments. *Musch*, 587 F.3d at 861. *See also Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Additionally, relief under Rule 60(b) "is an extraordinary remedy that is to be granted only in exceptional

---

[1] The Court acknowledges that Beard labeled his motion as being brought pursuant to Rule 59(e). However, Courts are not bound to elevate form over substance. It is generally true that "[a] party should not be bound at his peril to give the proper nomenclature to his motion; this would be a retreat to the strict common law." *Parisie v. Greer*, 705 F.2d 882, 896 (7th Cir. 1983).

2

circumstances." *Provident Savings Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir. 1995).

In his motion, the Court construes that Beard contends the Court erred when it ruled that a district court does not have jurisdiction over the IFRP and therefore, cannot order the Bureau of Prisons ("BOP") to follow a specific payment plan for an individual inmate. Doc. 38, pg. 5. The Court must infer this argument, as Beard does not state any ground for why the Court's November 30, 2017 Order dismissing the case was erroneous. Instead, Beard simply re-states that he should only have to pay $50 a month towards his fine, not $100. Motions to reconsider are not the appropriate vehicle to rehash previously rejected arguments. *Caisse Nationale de Credit Agricole,* 90 F.3d at 1270. Beard's motion to reconsider is solely a repeat of his habeas petition and does not touch on any of the enumerated grounds listed under Rule 60(b) that would permit this Court to reconsider its prior judgment.

The Seventh Circuit is clear that only the BOP has the authority to structure an inmate's payments under the IFRP. In its order dismissing the case, the Court explained:

> The Attorney General rather than the courts shall be responsible for collection of an unpaid fine or restitution imposed by a judgment, and he has delegated his authority to the Bureau of Prisons, which created the Inmate Financial Responsibility Program to facilitate collection. This delegation is proper, and the courts are not authorized to override the Bureau's discretion about such matters, any more than a judge could dictate particulars about a prisoner's meal schedule or recreation[.]

Doc. 38, p. 4.

3

In rendering this Order denying Beard's motion to reconsider, the Court examined the evidence before it and remains convinced of the correctness of its position regarding payment structures under the IFRP. Beard has brought no argument to the contrary and offers no ground under Rule 60(b) for the Court to consider. Accordingly, the Court **DENIES** Beard's motion for reconsideration (doc. 40).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.15
07:54:25 -05'00'

United States District Judge